CHARLES L. JACOBUS ET AL., PROSECUTORS AND APPELLANTS, v. FLORENCE E. CAHILL ET AL., DEFENDANTS AND RESPONDENTS.

Argued March 8. 1915—Decided June 14, 1915.

On appeal from the Supreme Court, in which court the following memorandum was filed by Chief Justice Gummere:

"The writ in this case brings up proceedings had before the Circuit Court of Essex county, instituted by Florence E. Cahill, one of the defendants, for the purpose of obtaining from that court an order directing the comptroller of the city of Newark to execute and deliver to her a deed of conveyance for certain lands in the county of Essex purchased by her at a tax sale held by the city comptroller on the 28th of May, 1906, including the final order made therein direct-

ing the execution and delivery of such conveyance by the comptroller.

"At the hearing had before the Circuit Court, Adams, J., delivered the following opinion:

'The petitioner, Florence E. Cahill, bought at a tax sale the property known as the Moses Roberts tract, and received certificate No. 7215, and bought also premises known as the Jonathan Lyon tract, for which she received certificate No. 7218. In each case, after the preliminary proceedings required by law in the case of unknown owners, the petitioner obtained orders to show cause directed to unknown owners and persons in interest, which were duly published, and upon the return of the order in each case a final order was made in each case on December 19th, 1908, for the execution of a deed.

'The comptroller of the city of Newark, acting under legal advice, has refused to execute the deeds, upon the ground that the premises had been already redeemed from the sales upon which the proceedings were based. Accordingly, in order to test the question, petitions have been filed in this court, and the comptroller has been called on to show cause why he should not give a deed pursuant to the direction of the previous order.

'It appears that on December 19th, 1908, the same day upon which the orders for deeds were granted, one H. A. De-Raismes deposited with the comptroller the moneys to redeem his properties. The question at issue between the petitioner and the city is, therefore, whether the redemption was, in each case, effectual. The position of the comptroller is that the time for redemption from a tax sale does not expire until he has actually delivered a deed to the purchaser, and that as these moneys were deposited in the comptroller's office before the execution and delivery of the deeds which the court has directed the comptroller to give, the redemption was effective.

'The answer to this question must depend upon the language of the statute which regulates the procedure in the case of unknown owners. I will refer, for convenience, to

Griffith's edition of the Tax Adjustment act, commonly called "Martin act," with its supplements.

'In 1905 an act was passed, approved June 2d, 1905, which is to be found on pages 490 to 492 of the pamphlet laws of that year. It amends section 6 of the act commonly known as the Martin act, which, in Griffith's edition, is designated by the Roman numeral VI., and contains the following language:

' "Any person or persons having an estate or interest in, or mortgage or lien upon, any lands and premises sold in pursuance of the fourth section of this act, whose estate, interest, mortgage or lien appears of record in the county may at any time before the expiration of six months after notice shall have been given to him of such sale by the purchaser, his heirs or assigns, in the manner hereinafter provided, or before a deed of said premises shall have been delivered, as provided in this act, redeem said lands and premises."

'If this statute is applicable to this proceeding, it undoubtedly sustains the position taken by the comptroller.

'It is necessary in order to determine the question of its applicability to notice that there are two distinct cases, with somewhat different procedures, provided for by the Martin act and its supplements. One is the case of a known owner or owners, and the other the case of unknown ownership, or, to use the language of section 23 of the act (Griffith's edition), "where the owner is unknown to or cannot be ascertained by the purchaser or his legal representatives or assigns after due inquiry." The earlier sections of the act of 1886, including section 4 and section 6, and statutes supplementary to or amendatory of sections 4 and 6, such as chapter 162 of the laws of 1902, and chapter 251 of the laws of 1905, appear to relate to the case of known owners. As to such owners payment in redemption before the delivery of the deed is good.

'Section 23, in Griffith's edition, gives the procedure in the case of unknown ownership. This section, after saying that if the ownership is unknown, application may be made to the Circuit Court for an order for a deed, and that the court

thereupon upon being satisfied that the ownership is unknown, after due inquiry, may make an order requiring such owner, mortgagee or other persons interested to appear and show cause, at a date to be specified in the order, not less than six months from its date, why the deed should not be made and delivered to the purchaser, goes on to provide:

' "That in case such unknown owner, mortgagee or other interested person shall not appear and show cause or redeem the said lands within the time limited by the said order, then the court shall, on the return day thereof or afterwards, make an order directing the comptroller to make a deed of conveyance to said purchaser, which shall convey the lands free from all interests or estate of any such unknown owner."

'If the section ended here, the result would be that in the case of an unknown owner the order is final, and that no subsequent redemption can excuse the comptroller from not executing or delivering a deed in accordance with the direction of the order. There is a further provision in this section as to publication, but it evidently refers to publication of the order to show cause and not to publication of the order for the deed, and so does not affect the question now under consideration. For present purposes the section ends with the quotation just made.

"The case in hand is the case of an unknown owner, and if it be true, as I think it is, that the case is controlled by section 23, the conclusion results that the redemption was too late.

'In considering the case I have assumed that a judicial proceeding antedates an ordinary transaction done on the same day.

'The conclusion thus reached is that the prayer of the petitions will be granted. with costs, in each case, and that the terms of the original orders should be carried out by the comptroller.'

"I agree in the views expressed by Judge Adams in the foregoing opinion, and for the reasons therein set forth conclude that the final order made in the proceedings under review is in all respects legal and should be affirmed.

"The defendants are entitled to judgment."

For the appellants, *Sidney W. Eldridge* and *Clark McK. Whittemore.*

For the respondents, *McCarter & English* (*Arthur F. Egner* on the brief).

PER CURIAM.

The decision of this case is controlled by that in No. 38 of this term (*ante p.* 562), a case between the same parties. The cases are alike as to all material facts, excepting that in this case the proceeding under review related to a tract of land purchased by Mrs. Cahill which was covered by the comptroller's certificate No. 7215.

The judgment of the Supreme Court will be reversed and the record remitted to that court in order that a judgment may be there entered setting aside the order and proceedings under review. The appellants are entitled to costs in both courts.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 13.